**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW CONLEY,<br><br>Plaintiff,<br><br>vs.<br><br>LYNN S CONLEY, CALIFORNIA BOARD OF ACCOUNTANCY,<br><br>Defendants. | Case No. 1:17-cv-01629-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, TO BE FILED IN WRITING WITHIN 14 DAYS |

**A. Introduction**

Plaintiff Matthew Conley, appearing *pro se*, filed a Complaint on December 7, 2017. (ECF No. 1). On December 26, 2017, the Court entered an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 5.) Plaintiff filed a response to the Order to Show Cause on January 2, 2018. (ECF No. 7.)

For the following reasons, it is recommended that this action be dismissed without prejudice.

**B. Screening Requirement**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be

1

dismissed. *Id*. Leave to amend may be granted to the extent that the deficiencies in the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Courts deem a complaint "frivolous" when it lacks "basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). In other words, a complaint is frivolous where the litigant asserts "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

To determine whether a Complaint states an actionable claim, the Court must accept the allegations in the Complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after Iqbal).

**C. Allegations in Complaint**

Plaintiff brings this action against two Defendants, Lynn S. Conley and the California Board of Accountancy. (ECF No. 1.) The allegations arise out of a business dispute between Plaintiff and Defendant Conley. Plaintiff requests that Defendant Conley "immediately return all Business Records belonging to the Plaintiff." (*Id*. at 2.) Plaintiff requests that Defendant California Board of Accountancy ("CBA") "immediately conduct a full and [thorough]

investigation as to the conduct and business practices of [Defendant Conley], who is a licensed and current member of the agency and doing business as a Certified Public Accountant." (*Id*.)

Plaintiff further alleges that Defendant Conley "has willfully refused and has ignored as ordered by the Superior Court of the State California to return all of Plaintiff's records from 1992 thru 1998 while [Defendant Conley] was employed Plaintiff's business as Plaintiff's accountant for the years stated." (*Id*.) The Complaint states that Defendant Conley embezzled money from Plaintiff's company, and Conley filed a lawsuit against Plaintiff in Superior Court of Tulare County. (*Id*. at 3.) Plaintiff alleges that a settlement agreement that Plaintiff never agreed to was moved through the state court system and approved by a Superior Court Judge. (*Id*. at 3-4.) Plaintiff requests three-million dollars in damages be awarded "for the willful neglect and malpractice by both Defendants mentioned in this matter." (*Id*. at 5.)

### D. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

In response to the Order to Show Cause, Plaintiff indicates that his due process rights under the U.S. Constitution were violated because an "inferior court" entered a "fraudulent

settlement" in the "frivolous" state court proceedings brought by Defendant Conley. (ECF No. 7 at 2.)

In order to initiate a lawsuit for a deprivation of civil rights, which is what Plaintiff is suggesting in his response, the Plaintiff must name a person acting "under color of [state law]" 42. U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *McDade v. West*, 223 F.3d 1135, 1139–40 (9th Cir. 2000) (citations omitted). "Only in rare circumstances can a private party be viewed as a "state actor" for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

Here, Plaintiff argues that Defendant Conley violated his due process by engaging in fraudulent court proceedings against him. Defendant Conley is a former employee at Plaintiff's private business. Thus, it cannot be argued that Defendant Conley was "clothed with the authority of state law."

Plaintiff also seems to suggest that his due process rights were violated by an "inferior court" that conducted the proceedings. The California Superior Court that allegedly entered the fraudulent settlement agreement is not a defendant in this case. Even if it were named, Plaintiff is not permitted to appeal an adverse state court judgment to a U.S. District Court.[1] *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court").

Plaintiff next states that federal question jurisdiction is conferred by the fact that Defendant CBA is "subject and governed by both the State and Federal Department of

---

[1] Regardless, "Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (applying judicial immunity to § 1983 action)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) (citing *Bradley*, 80 U.S. (13 Wall.) at 351, 20 L.Ed. 646)).

4

Commerce."² (*Id*. at 3.) Plaintiff alleges that Defendant CBA failed to investigate Defendant Conley when it ignored the evidence Plaintiff provided to it. Irrespective of whether such a failure would constitute a legitimate civil cause of action against Defendant CBA, the *in forma pauperis* statute specifically requires dismissal of any claim that seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). "The Eleventh Amendment gives California immunity from suits brought by its citizens in federal court unless California waives that immunity." *Rosa v. California*, 259 F. App'x 918, 919–20 (9th Cir. 2007) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). "This immunity extends to state agencies." *Id*. (citing *In re Harleston*, 331 F.3d 699, 701 (9th Cir. 2003)). Plaintiff's lawsuit requests only monetary relief, and Defendant CBA, as a state agency, is immune from the requested relief. *See id*. (affirming district court's dismissal of claims against California Board of Accountancy on sovereign immunity grounds).

The Complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Plaintiff's claims are state claims and do not invoke federal subject matter jurisdiction. *Kaohi v. Kaiser Found. Health Plan, Inc.*, Case No. 15-00266 SOM/RLP, 2015 WL 6472231, at *5 (D. Haw. Oct. 27, 2015) (remanding medical malpractice claims to state court).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the

---

² Finally, Plaintiff suggests, without legal support, that federal question jurisdiction exists because Defendant Conley committed federal crimes, such as mail fraud. The Court finds this argument is without merit.

5

[defect], must dismiss the case, unless the defect be corrected by amendment." *Id.*, *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

Plaintiff bears the burden of proof in asserting diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof."). From what information the Court has gathered from the pleadings filed on the public docket, it does not appear that Plaintiff would be able to assert diversity. The parties all appear to be citizens of California.

**E. Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 17, 2018**　　　　　/s/ Erica P. Grosjean

　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE